O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN WILLIAMS, | ) | CASE NO. CV 09-03525 RGK (RZ) |
| Petitioner, | ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) | |
| JOHN MARSHALL, Warden, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

      The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

      The current petition was filed on May 18, 2009. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

    (a)    On March 2, 1998, a Los Angeles County Superior Court jury convicted Petitioner of grand theft, forgery and passing a fraudulent instrument. Pet. ¶ 2. He was sentenced to state prison for 25 years to life. Pet. ¶ 2(f).

    (b)    Petitioner appealed. Although Petitioner does not supply dates or case numbers for his appeal, and although numerous appeals involving a "Kevin Williams" appear on the public docket, this Court surmises that the California Court of Appeal affirmed in *his* case on March 31, 1999. *See* docket in *People v. Williams*, No. B122003 (Cal. Ct. App. 2d Dist. 1999), *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1060549&doc_no=B122003. Petitioner did not petition for further direct review in the California Supreme Court – at least on that occasion and in a timely manner, for no record of a "Kevin Williams" having filed such an action in that court exists between January 1997 and September 2002. He also does not appear to have petitioned the United States Supreme Court for a writ of *certiorari*. His conviction therefore became final 90 days later, on June 29, 1999, when the high court's deadline for seeking such relief expired. *See* SUP. CT. R. 13.1.

    (c)    Petitioner states that he filed "multiple" "appeals" in the state appellate and supreme courts, all of which were unsuccessful, *see* Pet. ¶¶ 3-4, but he does not provide the dates when these matters were pending.

    (d)    On September 15, 2008, Petitioner filed a habeas petition in the California Supreme Court, which denied relief on March 11, 2009. Pet. ¶ 6(a).

\* \* \* \* \*

1       Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It appears that Petitioner's AEDPA period expired nearly a decade ago at the end of June 2000, one year after his first round of state habeas petitions ended in failure. Petitioner's commencement of one or more state habeas challenges in the many years thereafter did not render this action timely. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

      No basis for equitable tolling appears from the face of the petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

      This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

      If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: May 22, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE